UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TERRY NELSON, JOHN NESSE, CLARK ANDERSON, and GARY MEYERS and their successors in their capacities as Trustees and Fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, the Painters and Allied Trades District Council No. 82 Vacation Fund, the Painters and Allied Trades District Council 82 STAR Fund, the International Painters and Allied Trades Industry Pension Fund, the Finishing Trades Institute of the Upper Midwest Trust Fund, the National Painting, Decorating, and Drywall Apprenticeship Committee, the St. Paul Painting Industry Pension Fund, the Minneapolis Local 386 Drywall Finishing Industry Pension Fund, the Finishing Trades Institute, the Painters and Allied Trades Labor Management Cooperative Initiative, and each above-named Fund, | Case No. 13-CV-2219 (PJS/SER) |
| Plaintiffs, | |
| v. | ORDER |
| FRANA COMPANIES, INC.; DIAMOND DRYWALL, INC.; DAVID STELLMACH; KAREN STELLMACH; TWIN CITIES DRYWALL, INC.; and JOHN DOES 1-2, | |
| Defendants. | |

Corey J. Ayling, Carl S. Wosmek, and Amy L. Court, MCGRANN SHEA CARNIVAL STRAUGHN & LAMB, CHARTERED, for plaintiff.

Keith J. Broady and Bryan R. Feldhaus, LOMMEN, ABDO, COLE, KING & STAGEBERG, P.A.; Nicholas A. Dolejsi, ZELLE HOFMANN VOELBEL & MASON LLP, for defendant Frana Companies, Inc.

Gregory L. Peters and Martin D. Kappenman, SEATON, PETERS & REVNEW, P.A., for defendants Diamond Drywall, Inc., David Stellmach, and Karen Stellmach.

This matter is before the Court on (1) the objection of plaintiffs ("the Trustees") to the September 29, 2014 discovery order of Magistrate Judge Steven E. Rau and (2) the objections of defendant Frana Companies, Inc. ("Frana") to that order as well as to Judge Rau's third amended pretrial scheduling order dated September 30, 2014. Judge Rau ordered Frana to produce documents going back to August 15, 2007, which is the beginning of the six-year statute-of-limitations period. Both sides object to this date; the Trustees seek to discover documents back through 2005 and Frana seeks to preclude the Trustees from discovering documents that predate 2009. Frana also objects to the expert-disclosure schedule and to the inclusion of Frana's general ledger and check register in the discovery order.

A magistrate judge's ruling on nondispositive pretrial matters may be reversed only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Having reviewed the orders and the parties' objections, the Court sees nothing clearly erroneous or contrary to law.

Only one matter merits comment:  The Trustees argue that they should be permitted to discover documents back through 2005 because they have alleged that the statute of limitations should be equitably tolled.  The Court agrees that, in light of the Trustees' allegation, the discovery they seek is "relevant" for purposes of Fed. R. Civ. P. 26(b)(1).  But under Fed. R. Civ. P. 26(b)(2)(C)(iii), the Court is required to limit otherwise-permissible discovery when "the burden or expense of the proposed discovery outweighs its likely benefit . . . ."  In weighing the burdens and benefits of the proposed discovery, the Court must consider "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  *Id.*

The Trustees have already been granted extensive discovery.  It appears unlikely that additional documents predating the limitations period will aid the Trustees in proving the merits of their claims.  Instead, pre-limitations discovery is likely to be relevant primarily in determining damages—damages to which the Trustees will not be entitled unless they prevail on their equitable-tolling argument.  It appears to the Court that the Trustees are unlikely to prevail on that argument.  *See Firstcom, Inc. v. Qwest Commc'ns*, 618 F. Supp. 2d 1001, 1004 (D. Minn. 2007) (the equitable-tolling doctrine "is exceedingly narrow and applies only when extraordinary circumstances beyond a plaintiff's control prevent timely filing" (citation and quotations omitted)).  But even if

-3-

the Trustees eventually prevail, the Court could alleviate any problem simply by permitting additional discovery into damages at that time. For now, however, the Court agrees with Frana that the proposed discovery is unduly burdensome when compared to its likely benefit. Accordingly, the parties' objections are overruled.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the parties' objections [ECF Nos. 146, 148] are OVERRULED and Judge Rau's orders [ECF Nos. 139, 141] are AFFIRMED.

Dated: December 30, 2014
      s/Patrick J. Schiltz
      Patrick J. Schiltz
      United States District Judge