UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TERRY NELSON, JOHN NESSE, CLARK ANDERSON, and GARY MEYERS and their successors in their capacities as Trustees and Fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, the Painters and Allied Trades District Council No. 82 Vacation Fund, the Painters and Allied Trades District Council 82 STAR Fund, the International Painters and Allied Trades Industry Pension Fund, the Finishing Trades Institute of the Upper Midwest Trust Fund, the National Painting, Decorating, and Drywall Apprenticeship Committee, the St. Paul Painting Industry Pension Fund, the Minneapolis Local 386 Drywall Finishing Industry Pension Fund, the Finishing Trades Institute, the Painters and Allied Trades Labor Management Cooperative Initiative, and each above-named Fund, <br><br> Plaintiffs, <br><br> v. <br><br> FRANA COMPANIES, INC.; DIAMOND DRYWALL, INC.; DAVID STELLMACH; KAREN STELLMACH; TWIN CITIES DRYWALL, INC.; and JOHN DOES 1-2, <br><br> Defendants. | Case No. 13-CV-2219 (PJS/SER) <br><br><br><br><br><br><br><br> ORDER |

Corey J. Ayling, Carl S. Wosmek, and Amy L. Court, MCGRANN SHEA CARNIVAL STRAUGHN & LAMB, CHARTERED, for plaintiff.

Keith J. Broady and Bryan R. Feldhaus, LOMMEN ABDO, P.A.; Nicholas A. Dolejsi, ZELLE LLP, for defendant Frana Companies, Inc.

Gregory L. Peters and Martin D. Kappenman, SEATON, PETERS & REVNEW, P.A., for defendants Diamond Drywall, Inc., David Stellmach, and Karen Stellmach.

A bench trial in this matter is scheduled to begin on Monday, May 16, 2016. The parties have filed seven motions in limine, six of which seek to exclude expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

In the context of a bench trial, the application of *Daubert* is "relax[ed]" and the district court has "wide latitude in determining whether an expert's testimony is reliable." *Tussey v. ABB, Inc.*, 746 F.3d 327, 337 (8th Cir. 2014) (citations and quotations omitted). Having reviewed the parties' *Daubert* motions, the Court finds that the issues that the parties raise are "matters for the court to consider in terms of weighing the evidence . . . ." *Id.* Accordingly, the Court will deny the *Daubert* motions, but without prejudice to the parties' right to argue that the Court should give little or no weight to the challenged testimony for the reasons stated in the parties' motions.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The parties' *Daubert* motions [ECF Nos. 247, 252, 264, 270, 276, and 288] are DENIED.

2.	The Court will address the remaining motion in limine [ECF No. 282] at the pretrial conference on May 10, 2016.


Dated: April 27, 2016              s/Patrick J. Schiltz
                                   Patrick J. Schiltz
                                   United States District Judge