UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TERRY NELSON, JOHN NESSE, CLARK ANDERSON, and GARY MEYERS and their successors in their capacities as Trustees and Fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, the Painters and Allied Trades District Council No. 82 Vacation Fund, the Painters and Allied Trades District Council 82 STAR Fund, the International Painters and Allied Trades Industry Pension Fund, the Finishing Trades Institute of the Upper Midwest Trust Fund, the National Painting, Decorating, and Drywall Apprenticeship Committee, the St. Paul Painting Industry Pension Fund, the Minneapolis Local 386 Drywall Finishing Industry Pension Fund, the Finishing Trades Institute, the Painters and Allied Trades Labor Management Cooperation Initiative, and each above-named Fund, <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>FRANA COMPANIES, INC.; DIAMOND DRYWALL, INC.; DAVID STELLMACH; KAREN STELLMACH; TWIN CITIES DRYWALL, INC.; and JOHN DOES 1-2, <br><br>　　　　　Defendants. | Case No. 13-CV-2219 (PJS/SER) <br><br><br><br><br><br><br><br><br><br><br><br>ORDER |

Carl S. Wosmek, Christy E. Lawrie, and Amy L. Court, MCGRANN SHEA CARNIVAL STRAUGHN & LAMB, CHARTERED, for plaintiffs.

Martin D. Kappenman, Michael R. Link, and Gregory L. Peters, SEATON, PETERS & REVNEW, P.A., for defendant.

Following a bench trial, the Court entered judgment in favor of plaintiffs and against defendant Diamond Drywall, Inc. ("Diamond") in the amount of $68,069.55. ECF No. 348. Plaintiffs now seek an award of $15,447.91 in attorney's fees and costs against Diamond under 29 U.S.C. § 1132(g)(2). For the reasons that follow, the Court denies plaintiffs' motion as untimely.[1]

## I. BACKGROUND

Plaintiffs filed this action against Diamond and several other defendants seeking well over a million dollars in delinquent fringe-benefit contributions and liquidated damages. Plaintiffs brought 15 claims against defendants, including claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., the Minnesota Uniform Fraudulent Transfer Act, Minn. Stat. § 513.41 et seq., and the common law. The Court dismissed all of plaintiffs' claims, save their ERISA and breach-of-contract claims. Those claims proceeded to trial. After a nearly two-week bench trial, the Court found that plaintiffs had failed to prove that defendants owed any

---

[1]The Court notes that, even if plaintiffs' motion were timely, the Court would not award anywhere near the amount that plaintiffs request. To cite just one problem: Plaintiffs have not established—and cannot establish—that any of the transcript costs they incurred were "necessarily obtained" for use in litigating the *uncontested* claim on which they prevailed. *See* 28 U.S.C. § 1920(2).

delinquent contributions—with the exception of a minor amount that Diamond has never disputed and that apparently remained unpaid at the time of trial only because plaintiffs did not, as promised, contact Diamond to set up a payment plan.

The Court entered judgment on March 31, 2017. No party filed an appeal. Frana Companies, Inc. filed a (timely) bill of costs on April 19, 2017. *See* D. Minn. LR 54.3(c)(1). On May 2, 2017—32 days after the Court entered judgment—plaintiffs filed their motion for attorney's fees and costs. ECF No. 351.

## II. ANALYSIS

Rule 54(d) of the Federal Rules of Civil Procedure generally sets forth the procedure for claiming attorney's fees. Under that rule, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Rule 54(d) requires that such a motion be filed "no later than 14 days after the entry of judgment." Plaintiffs obviously failed to file their motion within 14 days after the judgment was entered.

Plaintiffs argue, however, that they did not need to file a motion under Rule 54(d)—and therefore the 14-day deadline does not apply—because "substantive law require[d] [their] fees to be proved at trial as an element of damages." Plaintiffs'

argument is unavailing for two reasons: First, the argument is incorrect. Second, even if the argument were correct, plaintiffs' motion would still be untimely.

In *Wiley v. Mitchell*, 106 F. App'x 517 (8th Cir. 2004), the Eighth Circuit explained the distinction between fees that are governed by Rule 54(d) and fees that are considered an element of damages to be proved at trial. Specifically, the Eighth Circuit explained that when fees are incurred for work done during the case and their recoverability is contingent on the outcome of the case, they are not considered damages but rather are governed by Rule 54(d). *Id.* at 522-23.

That is exactly the case here. Plaintiffs are seeking fees for their work in litigating this case—and, in order to be entitled to fees, plaintiffs had to prevail on the merits. *See* 29 U.S.C. § 1132(g)(2) (stating that it applies in any action for delinquent contributions "in which a judgment in favor of the plan is awarded"). Under *Wiley*, then, fees recoverable under § 1132(g)(2) are not an element of damages, but instead are governed by Rule 54(d).

Plaintiffs cite a few district-court decisions to the contrary. *See, e.g.*, *Hanley v. Herrill Bowling Corp.*, No. 94-4611, 1996 WL 79324 (RPP) (S.D.N.Y. Feb. 23, 1996). Apparently, these courts read the language of § 1132(g)(2) to mandate such treatment because the right to recover fees appears as part of a list of items that a prevailing plaintiff is entitled to recover. The Court does not find this reasoning persuasive. More

importantly, this reasoning is inconsistent with *Wiley*—which, although unpublished, has been characterized as "highly persuasive" by this Court, *National Union Fire Insurance Co. of Pittsburgh v. Donaldson Co.*, No. 10-4948 (JRT/TNL), 2016 WL 4186930, at *4 (D. Minn. Aug. 8, 2016), and which relied on published decisions of the Seventh and Eleventh Circuits, *see Rissman v. Rissman*, 229 F.3d 586, 588 (7th Cir. 2000); *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268, 1270-71 (11th Cir. 2000).

Even if plaintiffs are correct, however, their motion is still untimely. If attorney's fees in this case are in fact an element of damages to be proven at trial, then plaintiffs had to either (1) prove those damages at trial or (2) seek to amend the judgment to include those damages. As it was obviously impossible for plaintiffs to prove their fees at trial, plaintiffs should have sought to amend the judgment to include them. The Federal Rules of Civil Procedure provided several options for plaintiffs to seek to amend the judgment, but all of them required plaintiffs to file a motion no later than 28 days after the entry of judgment. *See* Fed. R. Civ. P. 52(b), 59(b), 59(e). The Court has no authority to extend these deadlines. Fed. R. Civ. P. 6(b)(2). Plaintiffs filed their motion 32 days after judgment was entered, and thus, even if Rule 54(d) does not apply, the Court has no authority to amend the judgment to include additional damages.

It is also worth noting that, to the extent that plaintiffs' motion seeks costs, the motion is untimely for yet another reason: Local Rule 54.3 requires a prevailing party to

file a verified bill of costs within 30 days after judgment is entered. Plaintiffs failed to do so. Plaintiffs contend that they included their costs in their fee motion because, during a telephone call to the undersigned's chambers, court staff advised plaintiffs that the Court had "no preference" concerning whether plaintiffs should file a separate bill of costs. ECF No. 356 at 5 n.1. This is not an accurate account of the conversation. Court staff responded to plaintiffs' inquiry by stating simply that plaintiffs should follow the applicable rules. Members of the Court's staff never give legal advice to parties, and thus did not specify what those rules might be.

Finally, plaintiffs argue that, if their motion is governed by Rule 54(d), the Court should excuse their late filing. Under Fed. R. Civ. P. 6(b)(1)(B), if the time to take an action has expired, a court may extend the time for good cause and upon a showing of excusable neglect (with certain exceptions, as noted above). Plaintiffs argue that their late filing was due to excusable neglect because they had a good-faith belief that their fees were an element of damages. In general, though, a mistake of law does not constitute excusable neglect.[2] *See Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403-04 (8th Cir. 2000). Even if a mistake of law could constitute excusable neglect, plaintiffs have no excuse because they had clear guidance in *Wiley*. Moreover, it appears that plaintiffs

---

[2]Plaintiffs would have a more sympathetic argument if they had met the deadline for filing a motion to amend the judgment to include attorney's fees as an element of damages. As discussed above, they did not.

timed their motion carefully; surely it was not a coincidence that their motion was filed the morning after the deadline to appeal expired.  *See* Fed. R. App. 4(a)(1) (notice of appeal in civil case must be filed within 30 days after entry of judgment); Fed. R. App. 26(a)(1)(C) (extending the time if the last day of a period falls on a weekend or legal holiday).  Whatever the reason for this strategic choice, it cannot be characterized as excusable neglect.

In sum, plaintiffs' motion is untimely under any conceivable standard, and they have not shown that their untimely filing was the result of excusable neglect.  Plaintiffs' motion is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiffs' motion for attorney's fees and costs [ECF No. 351] is DENIED.

Dated: June 21, 2017        s/Patrick J. Schiltz
                            Patrick J. Schiltz
                            United States District Judge